GARRISON FURNITURE COMPANY *v.* BUTLER.

4-7218

177 S. W. 2d 738

Opinion delivered January 31, 1944.

*Hardin, Barton & Shaw,* for appellant.

*I. S. Simmons* and *D. L. Grace,* for appellee.

McHANEY, J. This is a case arising under the Workmen's Compensation Law. Act 319 of 1939. Appellants

are the employer and its insurance carrier. Appellees are the widow and child of O. C. Butler, deceased, who was in the employ of Garrison Furniture Company for about three months prior to his death on April 29, 1942.

Appellants state the case fairly as follows: "There was evidence to the effect that on Thursday and Friday, April 16 and 17, 1942, Butler showed several superficial wounds on his hands to various parties; that on Friday, April 17, 1942, Butler worked at the factory, on Saturday and Sunday the factory did not run and on Monday, April 20th, Butler went to see Dr. Scott. After his visit to the doctor he returned home and went to bed, he grew worse and on Tuesday morning he was taken to the hospital. According to Dr. Scott, he contracted lockjaw or tetanus, and on April 29th, he died. The deceased is survived by his wife and one posthumous child, aged three months at the time of the hearing.

"Claim was made before the Commission for the benefits due under the Workmen's Compensation Act, liability was denied by the respondents, Garrison Furniture Company, employer, and St. Paul-Mercury Indemnity, insurance carrier, and the cause was first heard before the Honorable Dave Peel, chairman of the Commission, on September 4, 1942. The opinion filed under date of September 10, 1942, awarded compensation in favor of the claimant.

"In apt time, application was made for review, and upon a review before the full Commission, the award of the trial commissioner was sustained. Appeal to the Circuit Court of Sebastian county, Fort Smith District, was duly prosecuted and on March 3, 1943, the circuit court entered its order affirming the award of the full commission."

This appeal followed.

Appellants concede that the testimony justified a finding by the Compensation Commission that deceased came to his death by reason of lockjaw and that tetanus bacilli, which caused the lockjaw, gained entrance into the blood stream through the so-called superficial wounds

on deceased's hand. It is not conceded that these wounds on the hand were received in the course of deceased's employment, and this is the only issue presented by this appeal.

Prior to and during his illness deceased made statements to his mother, his wife, and several of the employees where he worked and others that he had injured his hand or his thumb on his right hand by the operation of an electric screw driver at the factory in the course of his employment; that he had some scratches on his hands, a skinned place on one thumb and a blood blister on the other. Several of the witnesses saw the injuries to his hands while he was at work in the factory, but no witness actually saw him get an injury. Boyd Wagoner, deceased's brother-in-law, went to see him in the hospital shortly before his death. He testified: ''I went to the hospital to see him and he called for me and I went in, he taken me by the hand and said, 'Boyd, I ain't going to live.' I tried to cheer him up and he told me, 'No. I have the lockjaw.' Said, 'I got some scratches on my hand at the factory, I ain't going to live.' ''

Section 24 of the Workmen's Compensation Law provides that, ''In any proceeding for the enforcement of a claim for compensation under this act, there shall be a presumption, (1) that the claim comes within the provisions of this act . . .'' Section 27 (a) of said act reads as follows: ''In making an investigation or inquiry, or conducting a hearing, the Commission shall not be bound by technical or statutory rules of evidence or formal rules of procedure, except as provided by this act, but may make such investigations or inquiry, or conduct such hearing, in such manner as will best ascertain the rights of the parties. Declarations of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made, or the hearing conducted, may be received in evidence, and shall, if corroborated by other evidence, be sufficient to establish the injury.''

We think deceased's statements that he received the injuries to his hands at the factory are sufficiently cor-

roborated by the undisputed fact of the injuries and that he showed them to employees at the factory, especially in the absence of any showing by appellants that such injuries were received elsewhere and in view of the statutory presumption "that the claim comes within the provisions of this act." And this, too, without regard to the dying declaration. Whether this proceeding is a suit for the recovery of damages for death within the meaning of § 5201, Pope's Digest, and, therefore, admissible as affirmative evidence, we do not now decide, as we are of the opinion that his statements as to how and where he got his injuries to his hands was sufficiently established to justify the Compensation Commission in making the award.

Affirmed.