PEKIN WOOD PRODUCTS COMPANY *v.* GRAHAM.

4-7407                                          181 S. W. 2d 811

Opinion delivered July 10, 1944.

*Ross Grant* and *George K. Cracraft*, for appellant.

*K. T. Sutton*, for appellee.

McHANEY, J. On April 30, 1942, appellee received an injury to both his eyes while in the employ of appellant, Pekin Wood Products Company, caused by wood preservative splashing up into his face and eyes when another employee was throwing wood blocks into a vat containing the preservative. His eyes were treated at the first aid station. On May 1, he was treated by Dr. Aris W. Cox, an eye specialist in Helena, and on May 3, he was discharged by Dr. Cox as being able to return to work. Two days later, on May 5, he returned to Dr. Cox for treatment and his right eye was found to be infected by gonorrheal germs, which spread to the left eye on May 8. He was treated by Dr. Cox until June 18, after which he did not return for treatment. As a result of this infection he became blind in his left eye.

Appellee filed a claim with the Workmen's Compensation Commission against appellants who are his employer and its insurance carrier. Claim was allowed by the referee and the Commission at the rate of $9.88 per week for a healing period up to December 16, 1943, and at the same rate for one hundred weeks thereafter, being the period provided by the Workmen's Compensation Law, Act 319 of 1939. Appellants appealed to the Phillips circuit court, where it was heard on the record

made before the Commission and findings and judgment of the Commission were affirmed. This appeal followed.

It is undisputed that appellee received an injury to his eyes from the splashing of the wood preservative fluid, and that within a short-time his eyes became infected with gonorrheal germs which caused blindness in the left eye. It is also undisputed that appellee did not have gonorrhea or any other venereal disease, and that the infection came from some other source. The Commission found that, "it is recognized that gonorrheal infection, unless checked, will produce blindness," and that "it is reasonable to assume that the infection found a ready portal of entry in the already inflamed and irritated eye of this claimant. In the opinion of the Commission, the chain of causation has been established by this claimant, the liquid which was being used in his employment produced the irritation that offered a ready harbor for the gonorrheal infection that spread to the left eye and produced the blindness in the claimant's left eye."

For a reversal of the judgment of the circuit court, appellants make two contentions: 1. That it is speculation and conjecture for the Commission to say that the irritated condition of the eyes made them more susceptible to the infection, and that blindness would not have occurred except for the irritation; and 2, but assuming the Commission was justified in so finding, the germ infection was an intervening efficient cause, for which appellants are not liable.

1. While no witness testified that the irritation to appellee's eyes made them more susceptible to gonorrheal infection, we think the Commission had the right, in the exercise of sound judgment and discretion, to make the finding in this regard that it did make. It seems to us, as it did the Commission, a reasonable assumption that an inflamed and irritated eye, a conjunctivitis as the doctor testified, would be a ready portal of entry for the germ he did get or some other destructive germ that he might have gotten.

2. Nor can we agree with appellants that the germ infection which caused his blindness in the left eye was such an intervening efficient cause as to excuse them from responsibility under said act. To support their contentions in this regard, appellants cite a number of cases to the effect "that an employee can only recover for a disability that is caused entirely by the accident which he received in his employment, and that the employer is not responsible for any part of a disability that has been occasioned by another independent agency that has intervened after the accident occurred." *Bunge Bros. Coal Co.* v. *Industrial Commission,* 306 Ill. 582, 138 N. E. 189. In that case, claimant was injured in a collision between the coal wagon he was driving and a street car in Chicago, on March 8, 1920. On July 15 following, the physician found him infected with acute gonorrhea of recent origin and on August 12, he found him suffering with acute gonorrheal arthritis. In this connection the court said: "The proof is also to the effect that he (claimant) has suffered greatly from gonorrheal arthritis, and that the inflammation and swelling of the joints was occasioned by a new and independent cause, which occurred weeks after he received his injury." So, it will be seen that the independent intervening efficient cause in that case occurred more than five months after his original compensable injury and had no connection with it. It was upon these facts that the Illinois court used the language above quoted. Other cases to the same general effect are cited, but we do not consider them applicable to the facts in this case, which is altogether comparable to those in our own recent case of *Garrison Furn. Co.* v. *Butler,* 206 Ark. 702, 177 S. W. 2d 738. There O. C. Butler received superficial wounds on his hands while at work in the factory of the furniture company on April 16-17, 1942. On April 20, he went to see Dr. Scott, and on April 21, he went to the hospital where he died on April 29 from lockjaw, as a result of tetanus infection which entered the blood stream through the so-called superficial wounds. Compensation for death benefits was awarded to the widow and child, and we affirmed the award. The question now presented in the

case at bar was not suggested or argued in that case. It seems to have been assumed by counsel and the court in that case that the tetanus bacilli gained entrance into the blood stream through the wounds on Butler's hands and caused his death, and that if the wounds were received by him in the course of employment, compensation was properly awarded. The question there was: Did Butler get his wounds to his hands from an accidental injury arising out of and in the course of his employment? There was no question of an intervening efficient cause. The injuries to Butler's hands were slight and superficial, but they formed a ready portal of entry for the tetanus bacilli, just as the inflamed and irritated eyes of appellee rendered them more susceptible to the entry of the gonorrheal germ, gonococcus. We are, therefore, of the opinion that the Commission was justified in finding that there was a causal connection between the original injury and the resulting blindness in the left eye of appellee, and that compensation was properly awarded.

The judgment is accordingly affirmed.